PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant, vs. BYRNE REALTY COMPANY and others, Respondents.

*November 7—December 5, 1939.*

For the appellant there were briefs by *Roehr & Steinmetz* of Milwaukee, and oral argument by *C. Steinmetz.*

*Albert M. Kelly* of Milwaukee, for the respondents.

MARTIN, J. This foreclosure covers business property consisting of four stores and twenty-one apartments. The whole of the principal sum secured by the mortgage was due and payable on August 12, 1934. This action was commenced on February 15, 1935. Defendants did not answer, and judgment was entered on April 27, 1936. On April 26, 1937, defendants moved in the trial court for certain corrections in the judgment as to the amount due on delinquent taxes, accrued interest, and insurance. In connection with this motion, defendants also raised the question of fixing a redemption period. It appears that the motion to correct the judgment as to the amount due and also the motion to fix a period of redemption was delayed from time to time until December 7, 1937, on which date the parties, through their respective attorneys, stipulated as to the correct amount due as of March 19, 1936. This stipulation provides that the amount due the plaintiff on the note and mortgage set forth in the complaint is as follows:

Principal and interest.....................$79,684.15
Attorney's fees and disbursements.............. 636.45

Total .............................$80,320.60

"and that the said amount of $80,320.60 shall be adjudged as the amount due to the plaintiff from the defendants on the

19th day of March, 1936, and that the judgment shall be corrected and amended accordingly." The stipulation further provides that plaintiff is entitled to interest at six per cent on the total amount of the judgment as corrected from March 19, 1936, that being the date on which the trial court took evidence originally as to the amount due.

On December 7, 1937, the court adjourned the hearing on defendants' motion for an extension of the redemption period to December 29, 1937. No further action appears to have been taken in connection with this motion upon the adjourned date for hearing. However, it appears that on January 7, 1938, defendants procured an order directing plaintiff to show cause why the period of redemption should not be fixed and why the then acting receiver should not be removed. While the date of hearing on this order to show cause is not disclosed by the record, it does appear that on March 22, 1938, the court entered an order extending the period of redemption to December 7, 1938. This order also approved the account of the then acting receiver and, upon said receiver's resignation, the defendant Stephen M. Byrne was appointed in his stead. Upon examination of the account of the first receiver, it was found that defendants were entitled to an interest credit on the judgment in the sum of $4,600.38. The order further directed Receiver Byrne to pay certain back taxes, attorney's fees to the attorneys for the first receiver, and, after making said payments, the receiver, after paying all proper operating and maintenance costs of the property, pay to the plaintiff monthly the net income from rentals to be applied as interest on the judgment. The order further directed that the defendant company make certain repairs and improvements on the mortgaged premises prior to June 1, 1938. The cost of such repairs and improvements to be made out of funds other than rent moneys.

It further appears that on December 6, 1938, defendants gave notice of motion returnable on January 3, 1939, for a

further extension of the redemption period. It appears that this motion did not come on for hearing until January 31, 1939, on which date hearing on the motion was adjourned to February 27, 1939. This adjournment was granted on condition that the receiver pay the county and state taxes for the year 1938 and secure an extension to July 31, 1939, for the payment of the city taxes on the premises under foreclosure, said payments to be made and an extension secured prior to February 15, 1939. In connection with the hearing on the aforesaid motion, which was adjourned to February 27, 1939, defendant Stephen M. Byrne made and filed with the court an affidavit from which it appears that defendants had made certain improvements and alterations at a cost in excess of $2,000 over and above the income from the premises; and that since the order of March 22, 1938, he had paid the balance of taxes for the year of 1936, also the taxes for 1937, that he had paid the attorneys for the former receiver the sum of $150, and that he had paid since July 1, 1938, the sum of $5,700 in interest on the judgment, that he also had paid the county and state taxes for the year 1938, and had secured an extension for the payment of the city taxes to July 31, 1939, and that he had cash on hand as receiver in excess of $600 available to be applied on interest or on the 1938 city taxes. The court, on March 10, 1939, entered the order from which this appeal was taken. This order provides:

"It is ordered that upon condition that the receiver pays out of the income from said premises the sum of $324.05 to apply on the interest and pays the city taxes on said premises for the year 1938 before May 1, 1939, and pays after May 1, 1939, to the plaintiff out of the income of said premises a minimum of $800 per month, to be paid by the receiver or by the defendants, that the period of redemption shall be extended to December 7, 1939, said extension of period of redemption being dependent upon the receiver or the defendants paying said amounts hereinbefore specified."

The issue is whether the court had power, under the statutes applicable, to enter the order of March 10, 1939, extend-

ing the period of redemption to December 7, 1939, without requiring defendants to pay all interest accruing subsequent to March 19, 1936, and the taxes on the premises in question.

Sec. 281.22 (2), Stats. 1935, provides:

"(2) The provisions of sections 281.202 to and including 281.21 shall apply in every action or proceeding now pending or hereafter commenced, provided, however, that no extension of the period of redemption shall be made in any case unless as a condition thereof the court shall order the mortgagor, owner or judgment debtor to pay the taxes on the premises involved and interest on the mortgage or judgment indebtedness:

"(a) To foreclose a mortgage upon real estate other than a home, as defined in subsection (2) of section 281.201;

"(b) Involving the sale of any real estate other than a home, as defined in subsection (2) of section 281.201, upon execution or foreclosure by advertisement. This is emergency legislation."

Similar provision is found in the statutes of 1937. The requirement as to the payment of taxes appears to have been met, but not so as to the accrued interest. Apparently as to interest on the judgment, the different orders extending the period of redemption and the provisions therein as to the payment of interest, related to the period subsequent to December 7, 1937, which, of course, left out of consideration the interest accruing between March 19, 1936, and December 7, 1937, which amounted to $8,273.01; giving defendants credit for the sum of $4,600.38 as per the first receiver's account as filed and allowed by the court, there remains a balance of $3,672.63 on the accrued interest for the period between March 19, 1936, and December 7, 1937. The interest credits subsequent to December 7, 1937, appear to cover the interest in full from that date down to March 10, 1939, with the exception of the item of $324.05, which is mentioned and provided for in the order of March 10, 1939.

The respondents contend, (1) that the original period of redemption expired December 7, 1938, this being one year

from the date on which the original judgment was corrected on stipulation as to the amount due as of March 19, 1936. There is no merit in this contention. The mere correction of the judgment as to certain items did not change the date of the judgment or the period of redemption as provided for in the judgment; and (2) that as a condition for an extension of the period of redemption, it was not required that interest be paid on the judgment during the period from the date thereof to December 7, 1937. This contention is likewise without merit.

In connection with defendants' motion for an extension of the redemption period, defendant Stephen M. Byrne, receiver, filed his affidavit with the court in which he says that since the entry of the order of March 22, 1938, he had paid the balance of the taxes for the year 1936 and had paid the taxes for 1937, also the sum of $150 as attorney's fees to the attorneys for the first receiver "and in addition thereto has paid since July 1, 1938, the sum of $5,700, being the interest in full on said judgment since the entry thereof." This reference to having paid the interest in full on the judgment since the entry thereof refers to the date of the correction of said judgment hereinbefore referred to, namely, December 7, 1937, as heretofore stated as of March 10, 1939, being the date on which the order appealed from was entered. There was a balance of $3,672.63 due on accrued interest for the period between March 19, 1936, and December 7, 1937. It further appears that when the corrections were made in the judgment on December 7, 1937, the parties stipulated that interest be paid on the sum of $80,320.60 from March 19, 1936.

Mr. Byrne further states in his affidavit "that said premises are now in good condition and that in addition to the amount expended over and above the income by Byrne Realty Company, this affiant is making no charge for collecting the rents and making the proper improvements, and that as a re-

sult thereof is saving about $600 a year, which amount has been used for the payment of taxes and interest. That affiant verily believes that if an extension of another year is granted at this time that not only will interest be paid during that time, but that a substantial payment will be made upon the principal of said judgment." It should be noted that Mr. Byrne makes no reference to any pending or prospective offer for sale of the property under foreclosure. There must be an end to the redemption period some time, and we think it rather significant that after the elapse of a redemption period of nearly three years there is not the slightest suggestion that defendants would be in a position to redeem the property during the extended redemption period. The court has no power to extend the period of redemption from year to year for the purpose of liquidating the mortgage indebtedness from the possible income of the mortgaged property, particularly in the absence of any showing that same might be accomplished within a reasonable period.

While this appeal is only from the order of March 10, 1939, Mr. Byrne in his affidavit, on which the order of March 10, 1939, is based, refers to the former proceedings had in connection with an extension of the redemption period and makes particular reference to the order of March 22, 1938. From the record it clearly appears that neither the order of March 22, 1938, nor the order of March 10, 1939, directs or requires the payment of any interest on the judgment from the entry thereof on April 27, 1936, to December 7, 1937. The only interest credit applied to this period was the sum of $4,600.38 allowed at the time of the hearing on the account of the first receiver. The order of March 10, 1939, refers to an interest balance in the sum of $324.05 remaining unpaid on the judgment from December 7, 1937, to March 7, 1939, and in its order the court directs the receiver to pay this item of interest as a condition of the extension. The balance due as accrued interest to December 7, 1937, in the sum of

$3,672.63 is not mentioned, nor the payment thereof required as a condition of the extension. Neither the order appealed from nor the prior order extending the period of redemption complies with the requirements of sec. 281.22 (2), Stats., above quoted.

*By the Court.*—Order reversed, and record remanded with directions to proceed with the sale of the mortgaged premises in accordance with the provisions of the judgment.